NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0577n.06
Case No. 21-3032

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 13, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| SAMUEL L. CUMMINGS, JR., | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | ON PETITION FOR REVIEW OF AN ORDER FROM THE BENEFITS REVIEW BOARD |
| ISLAND CREEK COAL COMPANY, et al., | ) ) ) | |
| Respondents. | ) ) | |

Before: DONALD, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. Samuel Cummings, Jr., believes his breathing problems stem from the years he spent working as a miner. So he filed for Black Lung benefits. But the Administrative Law Judge (ALJ) saw it differently and denied his request. Because the ALJ misinterpreted the record, we grant Cummings's petition for review.

I.

Cummings worked at coal mines, including Island Creek Coal Company, for over twenty years. Typically, he'd end his day "oily" and covered in black. And he'd find himself coughing up black residue. In 2013—over a decade after leaving the mines—Cummings began having breathing trouble, which has gradually worsened over time. He now struggles to exert himself at all.

Cummings filed for benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901–44. Those benefits are available to certain miners who are totally disabled by a disease called pneumoconiosis. *See Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 743 (6th Cir. 2019) (citing *U.S. Dep't of Lab. v. Triplett*, 494 U.S. 715, 717 (1990)). Miners are eligible for Black Lung benefits if they establish four prerequisites: (1) they have pneumoconiosis; (2) the pneumoconiosis "arose out of coal mine employment"; (3) they are "totally disabled"; and (4) the "pneumoconiosis contributes to the total disability." *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 257 (6th Cir. 2018) (cleaned up) (quoting 20 C.F.R. § 725.202(d)(2)). Failing to establish any one of these is dispositive.

Cummings claims that, as a result of working in the mines, he suffers from "complicated pneumoconiosis." *Gray v. SLC Coal Co.*, 176 F.3d 382, 386 (6th Cir. 1999); *cf.* 30 U.S.C. § 921(c)(3); 20 C.F.R. § 718.304. Complicated pneumoconiosis can be diagnosed by a lung opacity greater than one centimeter on an x-ray, among other factors. If Cummings does suffer from complicated pneumoconiosis, there is an "irrebuttable presumption that he is totally disabled" due to the disease. 30 U.S.C. § 921(c)(3). To assess whether to apply the presumption, an ALJ looks to (A) chest x-rays showing at least one spot larger than one centimeter, (B) biopsies showing "massive lesions" in the lung, or (C) other evidence that would give the same diagnosis as chest x-rays or biopsies. *Id.*; *see also* 20 C.F.R. § 718.304. Since the parties provided no biopsy evidence, only (A) and (C) are relevant here.[1]

The ALJ assessed the medical evidence (x-rays, CT scans, medical opinions, and medical records) and determined that, while some evidence suggested that Cummings had complicated pneumoconiosis, other evidence suggested that his symptoms were the result of unrelated factors.

---

[1] On appeal, Cummings only argues that he's entitled to benefits through the irrebuttable presumption. So if he failed to trigger that, there's nothing more to consider.

Because Cummings bore the burden of proof, the ALJ found that he had failed to establish complicated pneumoconiosis, which was necessary to invoke the presumption. The ALJ ultimately denied benefits. And the Benefits Review Board affirmed. Cummings now petitions this court for review. *See* 33 U.S.C. § 921(c).

## II.

We review the Benefits Review Board's legal conclusions de novo and the ALJ's factual findings for substantial evidence. *Wilkerson*, 910 F.3d at 257. We look to the ALJ's opinion as a whole and affirm if it is "rational, supported by substantial evidence in the record, and consistent with controlling law." *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 480 (6th Cir. 2011). That said, if "an ALJ has improperly characterized the evidence or failed to take account of relevant record material," we must remand. *Id.* (cleaned up) (quoting *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 (6th Cir. 2003)).

Cummings raises numerous arguments on appeal. We need address only two.

## A.

But first, some background. The ALJ thought this case was a close call. He found it "equally possible" that Cummings had complicated pneumoconiosis versus a non-coal-related disease. App. at 37. So little distinctions in evidence could have changed the outcome.

The ALJ analyzed the conclusions of Doctors James Crum and Matthew Vuskovich, among many other doctors. Both studied Cummings's medical records and provided reports on whether Cummings had complicated pneumoconiosis.

Dr. Crum explained his findings in a deposition—he thought Cummings had the disease. Dr. Crum discussed a spot he found on Cummings's x-rays. But the spot was more difficult to see in the last x-ray, he says, because Cummings's rib obstructed the view.

Dr. Vuskovich reviewed Dr. Crum's findings and deposition, which included that explanation for Cummings's final x-ray. But Dr. Vuskovich concluded Cummings did not suffer from complicated pneumoconiosis.

Cummings claims the ALJ misunderstood the evidence when it analyzed Dr. Vuskovich's findings. We agree. The ALJ found only one of Dr. Vuskovich's points persuasive: That Cummings didn't have complicated pneumoconiosis given that the spot was not growing and Dr. Crum's observation that it had even regressed. Evidently, the ALJ found Dr. Vuskovich convincing because Dr. Crum "ha[d] not offered an explanation for" why the spot was more difficult to see in the last x-ray. *Id.* at 36. But that's not true. Dr. Crum explained in his deposition that a rib obstructed the view in the last scan.[2]

What's more, the evidence doesn't support that the spot regressed over time. In fact, we couldn't find any description about the spot regressing in Dr. Crum's testimony, and Island Creek hasn't pointed us to any. Island Creek fails to argue that Dr. Vuskovich was correct on this point. Indeed, the company provided a single, nonresponsive paragraph on Dr. Vuskovich in its brief.

So could correcting these errors tip this close case in Cummings's favor? Maybe. We can't know for sure. *See Tenn. Consol. Coal Co. v. Kirk*, 264 F.3d 602, 606 (6th Cir. 2001) ("We do not reweigh evidence or substitute our judgment for that of the ALJ."), *superseded by regulation on other grounds as stated in Cumberland River Coal Co. v. Banks*, 690 F.3d 477, 484–86 (6th Cir. 2012). The ALJ should have weighed Dr. Vuskovich's no-pneumoconiosis conclusion against

---

[2] To be fair to the ALJ, in Dr. Crum's report on this x-ray, he wrote that there was a vague spot that is "not as well seen *and* is partially obscured by anterior rib." App. at 95 (emphasis added and cleaned up). This could suggest that Dr. Crum thought there was something more to the vagueness than just the obstruction itself. But later in his deposition, Dr. Crum explains that the opacity is "not as well seen *because of* the rib." *Id.* at 131 (emphasis added). Otherwise, his findings from this x-ray were "the same findings he had" from an x-ray a year earlier. *Id.* (cleaned up). Thus, the deposition clarified why Dr. Crum thought the spot was harder to see than before.

Dr. Crum's explanation for why the spot was hard to see in the last x-ray. Was Dr. Crum's testimony believable? If so, are Dr. Vuskovich's findings as persuasive? What evidence supported Dr. Vuskovich's claim that the spot was regressing? Do Dr. Vuskovich's points still suggest no complicated pneumoconiosis? The ALJ is best suited to answer these questions after briefing from the parties.

### B.

Second, we address one of Cummings's other arguments because it will affect the ALJ's analysis on remand. Cummings argues that the ALJ applied the wrong legal standard when deciding if he suffered from complicated pneumoconiosis. He claims that a single, well-reasoned diagnosis of complicated pneumoconiosis—based on one x-ray reading—is enough to invoke § 921(c)(3)'s irrebuttable presumption, despite the presence of conflicting evidence.

Not so. Indeed, we answered this exact question in *Gray v. SLC Coal Co.*, 176 F.3d 382. There, we asked: Is evidence of a one-centimeter-long x-ray opacity enough to trigger § 921(c)(3)'s irrebuttable presumption when conflicting evidence exists? The answer was no. *Id.* at 388. We found that the statute's language requires the ALJ to decide *to his satisfaction* whether a "miner is suffering or suffered from a chronic lung disease." *Id.* (quoting 30 U.S.C. § 921(c)(3)). This means weighing all the evidence together. *Id.* at 388–89. One positive complicated pneumoconiosis diagnosis from a large x-ray opacity does not automatically invoke the presumption. *See id.* at 389 (explaining that even one *diagnosis*—as opposed to just one piece of *evidence*—does not trigger the presumption).

\*     \*     \*

We grant Cummings's petition for review, vacate, and remand for proceedings consistent with this opinion.